OPINION OF THE COURT
Ralph A. Beisner, J.
Petitioner, an inmate at Fishkill Correctional Facility, is a *364 Shi’a Muslim. Petitioner brought a grievance under the Inmate Grievance Program requesting that Shi’a Muslims be allowed to have religious study meetings, classes or study groups specific to their religious beliefs and that they be allowed access to outside Shi’a clergy persons. By determination dated July 29, 1998 the grievance was denied. The determination states: “CORC has been advised by the Department’s Imam that all Muslim religious groups fall under Islam, with the exception of NOI [Nation of Islam], All practice the same faith and should not be separated, as the grievant suggests.”
Petitioner then commenced this proceeding pursuant to CPLR article 78, contending that respondent’s determination was arbitrary and capricious. According to petitioner, there is a significant difference between the Shi’a Muslim group to which petitioner belongs and the Sunni Muslim group with which the Department of Correctional Services (DOCS) Muslim chaplains are associated. Petitioner alleges that the Shi’a Muslims are not allowed to observe their religious holidays because the holidays are not recognized by the Muslim chaplain and are not allowed to have religious study groups, meetings, or classes in which their beliefs and way of prayer are taught. Petitioner alleges that this violates Correction Law § 610 (3) which states in part that inmates: “shall be allowed such religious services and spiritual advice and spiritual ministration from some recognized clergyman of the denomination or Church which said inmates may respectively prefer or to which they may have belonged prior to their being confined”.
Respondent has submitted an answer which annexes as exhibits a copy of the July 29, 1998 determination, petitioner’s grievance, an inmate complaint, and a copy of a memorandum. Respondent states through his attorney that respondent’s practice and policy of accommodation of the varieties of religious expression through generic religious opportunities has been reviewed and found to satisfy the inmate population’s right to religious observation and expression. Respondent also states that the alleged failure to acknowledge and approve the celebration of certain religious holidays and festivals unique to the Shi’a Muslims may be the appropriate subject of a grievance, but it does not demonstrate that the spiritual or observational needs of the Shi’a Muslims cannot be met by the facility’s Muslim chaplain or volunteer clergy. Petitioner’s reply reiterates the differences between the Sunni Muslims and the Shi’a Muslims. Petitioner asserts that all that is sought is access to a room for study purposes and permission to have contact with a volunteer Shi’a scholar.
*365 DOCS Directive No. 4202 provides: “c. policy. In recognition of the First Amendment Right of ‘Religious Liberty’ and in pursuit of the objective of assisting inmates to live as law abiding citizens, it is the intent of the Department to extend to inmates as much spiritual assistance as possible as well as to provide as many opportunities as feasible for the practice of their chosen faiths consistent with the safe and secure operations of the Department’s correctional facilities. This includes provisions for religious volunteers who must be fully registered (see Directive #4750, Volunteer Services Program) to participate and authorize facility religious programs * * * If a chaplain or an outside religious volunteer is not available to serve the spiritual needs of a group of inmates of a known religious faith, the facility Superintendent, in consultation with the Director of Ministerial and Family Services, may authorize the inmates to participate in a religious education class or study group (not congregate worship service) up to once per week with an approved inmate acting as facilitator and with security staff present.”
Because the record before the court was insufficient to permit the court to determine whether the doctrinal and cultural distinctions between Sunni and Shi’a practices and beliefs warranted the relief requested in the petition, the court adjourned the proceeding to allow petitioner and respondent to provide additional submissions, in appropriate affidavit form, on the issue of the cultural and doctrinal differences between Sunni Muslims and Shi’a Muslims.
The petitioner has submitted to the court his own affidavit with three exhibits and the affidavit of the Education Assistant to the Imam Al-Kohei Islamic Center in Jamaica, New York, with two exhibits. The respondent has not provided the court with any additional submissions.
The court has reviewed the petitioner’s submissions and finds that the differences between the historical and doctrinal beliefs, as well as the religious practices, of the two groups are significant. The nature of these differences mandates the conclusion that respondent’s determination that the spiritual needs of the inmates of the Shi’a Muslim faith can be met in religious services led by chaplains of the Sunni Muslim faith is arbitrary and capricious. Respondent’s determination is contrary to the objectives of DOCS Directive No. 4202 and the First Amendment right of religious liberty (US Const First Amend) upon which it is based. For this reason, it is hereby ordered and adjudged that the petition is granted and respondent’s July 29, *366 1998 determination is annulled, and it is further ordered and adjudged that respondent shall permit petitioner and the inmates who are Shi’a Muslims to have contact with a volunteer Shi’a scholar, on the condition that this volunteer is fully registered in accordance with DOCS Directive No. 4750, Volunteer Services Program, and it is further ordered and adjudged that, if an outside volunteer is not available, respondent shall permit the petitioner and the Shi’a Muslim inmates to participate in a religious education class or study group up to once per week with an approved inmate acting as facilitator and with security staff present, in accordance with DOCS Directive No. 4202.